
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENA LILIANA LOPEZ VALENZUELA, AKA Lorena Liliana Lopez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General <br><br> Respondent. | No.  13-73527 <br><br> BIA-1 : A088-171-084 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 17, 2016
Pasadena, California

Before:  TALLMAN and CHRISTEN, Circuit Judges, and KENNELLY,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Lorena Lopez-Valenzuela petitions for review of the ruling from the Board of Immigration Appeals ("BIA") that the Immigration Judge correctly found that she was removable pursuant to section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii). We have jurisdiction under 8 U.S.C. § 1252(a) and deny Lopez-Valenzuela's petition for review.

**1.** Lopez-Valenzuela was first admitted to the United States as a nonimmigrant in July 1986. In 2007, she was convicted of petty theft. Her status was adjusted to lawful permanent resident on April 9, 2010. Later, in April 2010, Lopez-Valenzuela was again convicted of petty theft.

**2.** In August 2010, the Department of Homeland Security initiated removal proceedings against Lopez-Valenzuela pursuant to section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, which provides that an "alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," is subject to removal. 8 U.S.C. § 1227(a)(2)(A)(ii).

**3.** Lopez-Valenzuela contends that, although she was first admitted in 1986, her April 2010 adjustment of status constituted a second "admission" and she had only one conviction of a crime involving moral turpitude after that admission. The BIA correctly held, however, that Lopez-Valenzuela's July 1986 date of entry

2

constituted her date of admission for purposes of 8 U.S.C. § 1227(a)(2)(A)(ii). *See*

*Matter of Alyazji*, 25 I&N Dec. 397, 406-07, 407 n.8 (BIA 2011) (adjustment of

status following initial admission was not relevant admission for purposes of

removability); 8 U.S.C. § 1101(a)(13)(A) (defining admission as "the lawful entry

of the alien into the United States after inspection and authorization by an

immigration officer").

**4.** In sum, the BIA did not err in finding that Lopez-Valenzuela is

removable.


**PETITION DENIED.**